Case 2:08-cv-01263-MCE-EFB   Document 27   Filed 12/04/09   Page 1 of 4

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL UPCHURCH,

       Plaintiff,                          No. CIV S-08-1263 MCE EFB P

       vs.

COUNTY OF SACRAMENTO, et al.,                  ORDER

       Defendants.
_____/

      Plaintiff, a state prisoner, now proceeds without counsel in an action brought pursuant to 42 U.S.C. § 1983. The case now proceeds before the undersigned pursuant to Local Rule 302(c)(17) and 28 U.S.C. § 636.

      Accordingly, it is hereby ORDERED that:

      1. Defendants's December 2, 2009, motion for summary judgment shall be briefed in accordance with Local Rule 230(l). Failure timely to file an opposition or statement of no opposition to a motion may be deemed a waiver of opposition to the motion and may result in the imposition of sanctions. Local Rule 230(l).

      2. If plaintiff is released from prison while this case is pending, any party may request application of the other provisions of Local Rule 230 in lieu of Local Rule 230(l). Until such a motion is granted, Local Rule 230(l) will remain in effect regardless of plaintiff's custodial

status.  *See* Local Rule 102(d).

3. As required by the appellate court in *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), the court hereby informs plaintiff of the following with respect to opposing a motion to dismiss and/or for summary judgment for failure to exhaust available administrative remedies. Such a motion is a request that the court dismiss without prejudice any unexhausted claims.  The moving party may submit affidavits or declarations under penalty of perjury and admissible documents in support of its motion.  Plaintiff may file declarations under penalty of perjury and admissible documents in support of his opposition.  Plaintiff may rely on his own statements made under penalty of perjury in the complaint if the complaint shows that he has personal knowledge of the matters stated, and plaintiff specifies the parts of the complaint on which he relies.  Affidavits or declarations must be sworn to by persons who have personal knowledge of relevant matters.  If plaintiff seeks to rely on written records, he must prove that the records are what he asserts them to be.  If plaintiff fails to contradict defendant's evidence with admissible evidence, the court may rely on defendant's evidence.  If plaintiff does not file a written opposition to the motion, the court may consider the failure to act as a waiver of opposition to the motion.  *See* Local Rule 230(m).  If the court grants defendant's motion, the unexhausted claims will be dismissed without prejudice.

4. As required by the appellate court in *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-412 (9th Cir. 1988), the court informs plaintiff of the following with respect to opposing a motion for summary judgment under Fed. R. Civ. P. 56:  Such a motion is a request that the court grant judgment in defendants' favor without trial.  A motion for summary judgment will set forth the facts that defendants assert are not reasonably subject to dispute and that entitle them to judgment under applicable law.  To oppose a motion for summary judgment, plaintiff must show proof of his claims.  To do this, he may rely upon statements made in the complaint under penalty of perjury if the complaint shows that plaintiff has personal knowledge of the

matters stated and plaintiff specifies the parts of the complaint upon which he relies.  Plaintiff also may file one or more affidavits or declarations setting forth the facts that plaintiff believes prove his claims, as long as the person who signs it has personal knowledge of the facts stated. Plaintiff may rely on written records, but he must prove they are what he asserts them to be. Plaintiff may rely on all or any part of responses to discovery propounded in this case, i.e, answers to interrogatories, admissions and deposition transcripts.  If plaintiff fails to contradict defendants' evidence with counter-affidavits or other admissible evidence, the court may accept defendants' evidence as true and grant the motion.  If there is good reason why such facts are not available to plaintiff when he is required to oppose a motion for summary judgment, the court will consider a request to postpone considering the motion.  If plaintiff does not file a written opposition to the motion or a request to postpone consideration of it, the court may consider the failure to act as a waiver of opposition to the defendants' motion.  *See* Local Rule 230(m).  If the court grants defendants' motion, whether opposed or unopposed, judgment will be entered for defendants without a trial and the case will be closed.

     5. The court will strike a any motion or opposition supported by unsigned affidavits or declarations.

     6. Each party shall keep the court informed of a current address at all times while this action is pending.  Any address change must be reported promptly to the court in a separate document captioned for this case and must be entitled "Notice of Change of Address."  A notice of address change must be properly served on other parties.   Service of documents at the address on record for a party is fully effective.  *See* Local Rule 182(f).  A party's failure to inform the court of a change of address may result in the imposition of sanctions, including dismissal of the action.

     7. The Clerk of the Court shall serve upon plaintiff a copy of the Local Rules of Court.

     8. The Clerk of the Court shall serve upon all parties the consent forms used in this court.

1     9. The failure of any party to comply with this order, the Federal Rules of Civil
2 Procedure, or the Local Rules of Court may result in the imposition of sanctions including, but
3 not limited to, dismissal of the action or entry of default.
4     10. The pretrial conference and trial dates set by the district judge's October 30, 2008
5 scheduling order are vacated.  The court will reset the matter for pretrial and trial, as appropriate,
6 following disposition of the pending motion for summary judgment.
7 DATED: December 4, 2009.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4